# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASSOCIATED GRAIN TERMINALS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11898** |
| **DARNELL HARRISON** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Darnell Harrison's Motion to Dismiss Plaintiff Associated Grain Terminals, LLC's ("AGT") Declaratory Judgment Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 9). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This action is for a declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff AGT's complaint alleges that it employed Defendant Harrison as an equipment operator on a midstream grain terminal known as the Myrtle Grove Midstream Terminal ("MGMT"), owned by AGT. On June 24, 2019, Harrison was working on the MGMT when he was allegedly struck by a barge cover. As a result of this incident, Harrison alleges injury to multiple areas of his body and that he is unable to continue to work.

On July 2, 2019, AGT received notice of representation from Harrison's attorneys who made a demand for maintenance and cure, asserting that

1

Harrison is a seaman within the meaning of the Jones Act.[1] AGT filed an Employer's First Report of Injury with the United States Department of Labor pursuant to the Longshoremen and Harbor Workers' Compensation Act ("LHWCA").[2] AGT alleges that Harrison rejected the LHWCA benefits.

On July 26, 2019, AGT filed this action, seeking a judgment from this Court declaring that Harrison is not a seaman who would be entitled to maintenance and cure and that MGMT is not a vessel under the Jones Act. Also on July 26, 2019, however, Harrison filed suit in Louisiana state court against Associated Terminals, LLC. Harrison's state court suit seeks to recover damages under the Jones Act and general maritime law for negligence, unseaworthiness, and maintenance and cure, and alternatively, under the general maritime laws of the United States, including Rule 905(b) of the LHWCA, for the injuries he sustained on the MGMT on June 24, 2019.

Harrison subsequently filed the instant Motion to Dismiss AGT's suit for declaratory judgment under Federal Rule of Civil Procedure 12(b)(1), relying mainly on the Saving to Suitors Clause.[3] In the alternative, Harrison seeks a stay of all proceedings in this action pending resolution of his claims in state court.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter

---

[1] 46 U.S.C. § 30103 *et. seq.*
[2] 33 U.S.C. § 901 *et. seq.*
[3] *See* 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."). Harrison asserts that the exercise of jurisdiction in this Court would undermine his rights under the Saving to Suitors Clause. Doc. 9-1 at 2, 8.

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[4] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[5] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[6]

## LAW AND ANALYSIS

The Declaratory Judgment Act provides that, in a case of actual controversy within its jurisdiction, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[7] This Act is "an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[8]

The Fifth Circuit has outlined a three-part test for district courts to use when considering whether to decide or dismiss a declaratory judgment action.[9] A federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[10]

### A. Justiciability

---

[4] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[5] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[6] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[7] 28 U.S.C. § 2201(a).
[8] Wilton v. Seven Falls Co., 505 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).
[9] *See* Orix Credit All., Inc. v. Wolfe, 212 F. 3d 891, 895 (5th Cir. 2000).
[10] Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 387 (5th Cir. 2003)

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists."[11] "As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."[12]

Here, it is undisputed that an actual controversy exists, given the Louisiana state lawsuit currently pending.[13] Furthermore, the issue of Harrison's claim for maintenance and cure presents a justiciable controversy for which subject matter jurisdiction exists under general maritime law.[14] The parties also do not dispute the justiciability of this case. Accordingly, the Court proceeds to the next step in the analysis.

### B. Authority to Grant Declaratory Relief

The second step requires the Court to determine whether it has the authority to grant declaratory relief in this case.

> [D]istrict courts do not have authority to consider the merits of a declaratory judgment complaint when: "(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act."[15]

---

[11] *Orix*, 212 F.3d at 896 (quoting 28 U.S.C. § 2201(a)).

[12] *Id.* (internal quotation marks and bracket omitted).

[13] *See* Gulf Offshore Logistics, LLC v. Norris, No. 16-8247, 2016 WL 7097383, at *5 (E.D. La. Dec. 5, 2016) ("Here, it is undisputed that an actual controversy exists, given the California lawsuit currently pending."); *see also* Brit UW Ltd. v. Hero, No. 18-3850, 2018 WL 4184565, at *2–3 (E.D. La. Aug. 31, 2018) (finding that a declaratory action was only partially justiciable because the parallel state court suit only encompassed one of the issues raised in the declaratory judgment action).

[14] *Cf.* Parker Drilling Offshore v. Lee, No. 13-cv-254, 2013 WL 3779280, at *2 (W.D. La. July 17, 2013) (citing Rowan Cos., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989)).

[15] Colony Ins. Co. v. Ambling Mgmt. Co., LLC, 965 F. Supp. 2d 783, 787 (S.D. Miss. 2013) (quoting Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993)).

All three conditions must exist for the federal court to be stripped of the authority to grant the requested declaratory relief.[16]

This Court finds that the first condition does not exist. While Harrison, the declaratory Defendant in this case, previously filed a cause of action in state court involving the same issues as those involved in this declaratory action, the state court suit is not against the declaratory Plaintiff, AGT.[17] Indeed, as Plaintiff AGT pointedly notes, Harrison sued Associated Terminals, LLC—*not* AGT—in the state court suit. Moreover, the parties do not contest this Court's authority to entertain AGT's declaratory judgment action. Accordingly, this Court does *not* lack the authority to entertain AGT's declaratory judgment action, and it proceeds to the next step.

**C. Discretion to Decide or Dismiss**

The final step requires a multi-factor discretionary analysis. The Fifth Circuit has provided courts with seven non-exclusive factors to consider when determining how to exercise its discretion in an action for declaratory relief.[18] These factors are:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) whether the plaintiff engaged in forum shopping in bringing the suit;

---

[16] *Id.* (citing Cherokee Ins. Co. v. Babin ex rel. Rogers, No. 3:06cv00612-DPJ-JCS, 2007 WL 2381928, at *2 (S.D. Miss. Aug. 17, 2007)).

[17] *Colony Ins. Co.*, 965 F. Supp. 2d at 789 ("Since no cause of action was pending against Colony in state court at the time its federal complaint for declaratory relief was filed, the court does not *lack authority* to consider Colony's declaratory judgment complaint.") (emphasis in original).

[18] *Sherwin-Williams Co.*, 343 F.3d at 388.

5

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses;

6) whether retaining the lawsuit would serve the purposes of judicial economy; and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[19]

These factors, known as the *Trejo* factors, have been subsequently grouped into three higher-level considerations.[20] The first grouping concerns the proper allocation of decision-making between state and federal courts.[21] The second grouping concerns fairness.[22] The third grouping concerns efficiency.[23]

The *Trejo* factors are not exclusive, and district courts can consider a variety of factors in determining whether to decide or dismiss a declaratory judgment action.[24] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[25]

The first *Trejo* factor, which concerns comity and efficiency,[26] lends favor to dismissing the instant action. There is currently a pending state court action

---

[19] *Id.* (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)).
[20] *Brit UW Ltd.*, 2018 WL 4184565, at *3 (citing *Sherwin-Williams Co.*, 343 F.3d at 390–92).
[21] *Sherwin-Williams Co.*, 343 F.3d at 390.
[22] *Id.* at 391.
[23] *Id.*
[24] *Rowan Cos., Inc.*, 876 F.2d at 29.
[25] Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp., 964 F,2d 1571, 1581 (5th Cir. 1992) (quoting PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973).
[26] *Sherwin-Williams Co.*, 343 F.3d at 391.

in which all of the matters in this declaratory judgment action may be fully litigated. Indeed, a declaratory judgment from this Court would potentially have a preclusive effect on Harrison's state court claims. AGT argues, however, that "the state court suit does not encompass any of Harrison's claims because the state court suit does not involve Harrison's employer—[AGT]."[27] Yet,

> [i]f there is a pending related state proceeding but it is not "parallel" because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule.[28]

This Court finds that the allegations lodged by Harrison in his state court petition form the basis of AGT's declaratory action complaint.[29] Thus, AGT's argument fails.

The next three factors "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds."[30] The incident at issue occurred on June 24, 2019, and AGT's Amended Complaint states that on July 2, 2019, it "received notice of representation from Harrison's attorneys, in which they alleged that Harrison is a seaman within the meaning of the Jones Act and made demand for maintenance and cure."[31] AGT then filed its declaratory action in this Court on July 26, 2019, asking this Court to resolve those very issues—the same day that Harrison filed his action in state court. Based on this timeline, the Court

---

[27] Doc. 10 at 2.
[28] *Sherwin-Williams Co.*, 343 F. 3d at 394 n.5.
[29] The Court notes that Harrison's state court petition, while naming Associated Terminals, LLC, clearly refers to AGT. For example, Harrison's petition alleges that Associated Terminals, LLC is his employer and that it owns MGMT. Doc. 10-1 at 1, ¶¶ 1, 4. AGT's Amended Complaint likewise alleges that it is Harrison's employer. Doc. 7 at 1, ¶ 2. AGT also acknowledges that it owns the MGMT. Doc. 10-3 at 2, ¶ 8.
[30] *Sherwin-Williams Co.*, 343 F.3d at 391.
[31] Doc. 7 at 3, ¶ 8.

7

finds persuasive Harrison's argument that AGT "had reason to believe Harrison intended to file suit in the forum of his choosing," and that, in response, AGT "filed this action to attempt to secure a federal forum."[32]

This Court acknowledges that "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed."[33] Nevertheless, the *Trejo* factors require the Court ask whether this suit was filed in anticipation of a lawsuit to be filed by Harrison, whether AGT engaged in forum shopping in bringing the suit, and whether possible inequities exist in allowing the AGT to gain precedence. The Court finds in the affirmative for each of those inquiries: AGT was aware that Harrison acquired legal representation after the incident; AGT received a demand from Harrison's attorneys for maintenance and cure; and AGT shortly thereafter filed suit in this Court asking for a declaration that would effectively moot Harrison's imminent Jones Act claim.[34] Accordingly, the Court finds that these factors weigh in favor of dismissal.

The next two *Trejo* factors "primarily address efficiency considerations."[35] These factors also weigh in favor of dismissal. If the Court indulged AGT's declaratory action, then piecemeal litigation would ensue; presumably, AGT (or Harrison) would use this Court's declaratory judgment to buttress its defenses (or claims) in the state court action. While declaratory actions may be more efficient when "issues pertinent to multiple potential

---

[32] Doc. 9-1 at 14.
[33] *Sherwin-Williams Co.*, 343 F.3d at 398.
[34] *See* Chet Morrison Offshore, L.L.C. v. Heyden, No. 06-8282, 2007 WL 1428697, at *1 (E.D. La. May 10, 2007) (holding that the declaratory plaintiff engaged in forum shopping when it filed the federal action in anticipation of the declaratory defendant's state court suit addressing the same issues).
[35] *Sherwin-Williams Co.*, 343 F.3d at 392.

claims against a defendant [are decided] in one federal forum, as opposed to a number of state courts,"[36] such is not the case here. Nothing in the pleadings suggests that AGT is at risk of being subject to multiple claims similar to Harrison's in numerous state court suits. The Court, therefore, finds that the interests of efficiency and judicial economy are better served by dismissal.

The last factor is not applicable in this matter, as the Court is not being called upon to construe a state judicial decree.

Finally, this Court weighs heavily the role that the Saving to Suitors Clause plays in this case.[37] In cases such as this, where a declaratory judgment action arises out of the same facts as a parallel state court suit bringing claims under the Jones Act and general maritime law, "the threshold consideration in a motion to dismiss a declaratory judgment action . . . must be whether a state court suit based on the same facts has been properly filed."[38] "[S]uch a determination may be dispositive because the Saving to Suitors Clause preserves certain rights to maritime plaintiffs."[39] Indeed, "absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit *requires* dismissal of a declaratory judgment action which arises out of the same set of facts."[40] It is the longstanding practice of courts in this district to dismiss declaratory judgment actions like this one because of pending state court suits that raise Jones Act and general maritime law claims.[41] This Court sees no reason to deviate from this longstanding practice.

---

[36] *Id.* at 400.
[37] 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.").
[38] Belle Pass Towing Corp. v. Cheramie, 763 F. Supp. 1348, 1354 (E.D. La. 1991).
[39] *Id.*
[40] *Id.* at 1355 (emphasis in original).
[41] R&B Falcon Drilling USA, Inc. v. Crosby, No. Civ.A. 02-2059, 2003 WL 145532 (E.D. La. Jan. 17, 2003); Moncla Marine Operations, L.L.C. v. Billiot, No. 05-1504, 2006 WL 8456476 (E.D. La. Jan. 10, 2006); Specialty Diving of La., Inc. v. Mahoney, No. CIV A 05-1202, 2006

Accordingly, upon balancing the *Trejo* factors, and in consideration of the effect that the Saving to Suitors Clause has in this case, the Court finds that the interests of fairness and judicial efficiency are better served if the declaratory judgment action is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**, and AGT's Complaint is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 13th day of February, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

WL 4101325 (E.D. La. Jan. 31, 2006); *Chet Morrison Offshore, L.L.C.*, 2007 WL 1428697, at *2; Magnolia Fleet, LLC v. Grey, No. 18-8363, 2019 WL 3345451 (E.D. La. July 25, 2019).